IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTHOLOGY INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:24-cv-279-P |
| | § | |
| TARRANT COUNTY COLLEGE DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER

Pursuant to the Court's April 30, 2024 Order (ECF 16), counsel for Plaintiff Anthology Inc. ("Anthology") and Defendant Tarrant County College District ("TCCD," and with Anthology, the "Parties") jointly report as follows:

**1.     The Parties' Status Conference:** The Parties met on May 17, 2024, at the offices of Lynn Pinker Hurst & Schwegmann, located at 2100 Ross Ave., Suite 2700, Dallas, Texas 75201. In attendance on behalf of Plaintiff Anthology were Jamie Drillete (appearing in person) from Lynn Pinker Hurst & Schwegmann and Deena Dulgerian (appearing by Zoom) from Orrick, Herrington & Sutcliffe LLP. In attendance on behalf of Defendant TCCD were Ryan Valdez (appearing in person), Scott Fredericks (appearing in person), Tiereney Bowman (appearing in person), and Michael Ackerman (appearing by Zoom) from Cantey Hanger LLP. The Parties discussed settlement, although no meaningful progress was made. Given the early procedural posture of the case, the Parties are willing to continue settlement discussions and believe there is some prospect of settlement after the Court's ruling on Defendant's pending motion to dismiss, as well as any discovery that may be conducted following such ruling.

**2.     Anthology's Statement of Claims:** The facts and issues in this case are straightforward.  The Parties entered into a contract—the Master Service Agreement ("Master

Agreement)—and several ancillary contracts, under which Anthology would completely overhaul TCCD's twenty-year old Enterprise Resource Planning ("ERP") software. Mot. to Dismiss at 4–5. TCCD agreed to pay Anthology approximately $42 million to design, implement, and build the ERP project, as well as a yearly fee that was specifically accounted for on a year-by-year basis in Schedule A to the Master Agreement. *Id*. at 5.

The Master Agreement allowed TCCD to terminate the contract "without cause." *Id*. However, if it did, TCCD was required to pay Anthology all amounts not yet paid under Schedule A. *Id*. at 5–6. On October 26, 2023, TCCD terminated the Master Agreement without cause—at the time of termination, TCCD had not paid approximately $22,923,192.64. *Id*. at 6. In its notice of termination without cause, TCCD stated that it would not pay the sums owed under Schedule A and to date has not paid those sums. *Id*.

Anthology seeks a declaration that TCCD is required to pay the Master Agreement's termination fee and judgment that TCCD has breached the Master Agreement in an amount of at least $22,923,192.64, plus attorneys' fees and costs. As explained in Anthology's Opposition to TCCD's Motion to Dismiss, there are no statutory or constitutional bars precluding this suit. The Texas Legislature has waived immunity from suit for junior colleges, like TCCD, to specifically allow contractors to pursue claims like those in this case, and TCCD is not otherwise immune from suit. *Id*. at 8–18. Further, Texas law specifically allows Anthology to pursue the amounts TCCD owes, which are predetermined and readily identifiable under Schedule A. *Id*. at 18–21. In short, Anthology is pursuing damages it is owed just as the Texas Legislature intended when it waived immunity for junior colleges twenty years ago.

As to establishing Anthology's claims, it is undisputed that TCCD terminated the Master Agreement without cause and refused to pay the sums owed under Schedule A. All bases TCCD

has asserted for refusing payment are purely legal questions, which are now before the Court on TCCD's Motion to Dismiss. Accordingly, if the Motion to Dismiss is denied, Anthology expects to prevail at summary judgment on all its claims given the uncontroverted facts underlying this case.

**3.     TCCD's Statement of Defenses:** TCCD, one of the largest public junior colleges in Texas, sought a new vendor to provide TCCD with Software as Service, Software, and Professional Services. After a lengthy Request for Proposal ("RFP") process lasting more than a year, TCCD and Anthology ultimately executed a 10-year Master Agreement in June of 2022.

By late October 2023, after TCCD had already paid Anthology more than $9 million, TCCD determined that Anthology lacked the ability to perform its duties under the Master Agreement. On October 26, 2023, TCCD gave Anthology written notice that it was terminating the Master Agreement "without cause," but reserved its right to bring other claims against Anthology, including "breach of contract and/or fraudulent inducement." TCCD and Anthology then began the Informal Dispute Resolution Process (as set forth in the Master Agreement) but were unable to informally resolve their disagreements. Rather than begin the contractual and statutorily-mandated Formal Dispute Resolution Process, Anthology filed this lawsuit.

As a threshold matter, TCCD is a "unit of state government" and enjoys sovereign immunity. Consequently, any claim against TCCD must proceed through the statutory alternative dispute resolution process set forth in the Texas Government Code. TEX. GOV'T CODE § 2260.001(4). But Anthology has failed and/or refused to do so.

Even if Anthology had complied with Chapter 2260 and exhausted its administrative remedies, no suit for breach of contract may be brought against a "unit of state government" in federal court. TEX. CIV. PRAC. & REM. CODE § 107.002(a)(12). Moreover, diversity jurisdiction

does not exist because TCCD – a "unit of state government" – is not a citizen of Texas for purposes of diversity.

Nonetheless, Anthology's claims still fail because Anthology is seeking to recover "consequential or similar damages" and "attorney's fees," which are not recoverable against a "unit of state government."  See TEX. GOV'T CODE §§ 2260.003(c)(1), (c)(4).[1]

The foregoing arguments are explained in detail in TCCD's pending motion to dismiss [ECF 20].

In addition, the Master Agreement contains several provisions and incorporates additional documents that directly impact and limit (or completely bar) Anthology's claims against TCCD, including but not limited to:

- § 12 – WARRANTIES;
- § 14 – LIMITATION OF LIABILITY; LIMITATION PERIOD;
- § 16 – JOINT STEERING COMMITTEE; DISPUTES; CHOICE OF LAW;
- § 29 – MISCELLANEOUS; and
- Exhibit D to the Master Agreement (incorporating Anthology's response to the RFP).

To the extent applicable, TCCD further asserts that Anthology failed to mitigate its damages and that the "termination fee" Anthology seeks is an unenforceable penalty.

Should the Court deny TCCD's pending motion to dismiss [ECF 20], TCCD intends to assert counterclaims against Anthology for breach of contract, fraud/fraudulent inducement, and

---

[1] Anthology asserts that Local Government Code Chapter 271 applies to this dispute.  Even if Anthology is correct, TCCD prevails. Like Chapter 2260, Chapter 271 excludes recovery of "consequential or similar damages."

fraud by non-disclosure based on Anthology's pre-contractual representations and its failure to perform as agreed under the Master Agreement.

**4.      Proposed Time Limit to Amend Pleadings and Joint Parties:** The Parties' proposals as to scheduling are appended as Exhibit A to this Report.

**5.      Proposed Time Limit for Dispositive Motions:** *See* Exhibit A.

**6.      Proposed Time Limit for Objections to Experts (*e.g.*, *Daubert* or Similar Motions):** *See* Exhibit A.

**7.      Proposed Plan and Schedule for Discovery:** The Parties' proposed discovery-related deadlines are provided in Exhibit A. The Parties' respective proposals for discovery are provided in turn below.

> **Anthology's Proposal:** Discovery in this case should be narrow if the Court denies TCCD's Motion to Dismiss. The defenses raised in TCCD's Motion to Dismiss are purely legal issues and should involve minimal discovery. Likewise, there is no dispute regarding the validity of the contract at issue in this case and, in Anthology's view, the contract is unambiguous on its face. Accordingly, to establish its breach of contract claim, Anthology will only need discovery regarding (i) the existence of a binding contract, which is undisputed, (ii) TCCD's breach of the contract, (iii) Anthology's performance under the contract and (iii) Anthology's damages. Anthology may also need discovery concerning:
>
> a. Information regarding TCCD's founding documents and organizational structure.
> b. Information regarding the applicability of Chapter 271 of the Texas Local Government Code to TCCD.

    c. Information regarding the sums TCCD is alleged to owe Anthology pursuant to the Master Agreement.

    d. Information regarding TCCD's termination of the Master Agreement without cause.

Anthology does not believe that there is a need to conduct discovery in phases. Anthology reserves the right to seek additional discovery as this case progresses.

    **TCCD's Proposal:** TCCD agrees that discovery does not need to be conducted in phases. TCCD disagrees with Anthology, however, regarding the limited scope of discovery. Should the Court deny TCCD's motion to dismiss, TCCD will need to conduct substantial discovery on the defenses to liability and counterclaims that TCCD would assert. Among other things, TCCD would need discovery of:

- Anthology's performance (or lack thereof) under the Master Agreement; and,

- Anthology's misrepresentation(s) and/or failure(s) to disclose required information during the RFP process, including but not limited to Anthology's failure to disclose other canceled or terminated contracts and other lawsuits brought against Anthology.

TCCD reserves the right to seek additional discovery as circumstances warrant.

    **8.** **Limitations on Discovery:** Subject to the Parties' positions outlined in Paragraph 7, the Parties do not believe that any limitations on discovery are necessary at this time. The Parties reserve the right to raise objections to specific discovery requests with the Court as may be necessary.

9. **Discovery of Electronically-Store Information ("ESI"):** The Parties are working diligently towards negotiating and completing an agreement regarding the production of discovery, including protocols for the production of ESI.

10. **Protection of Privileged or Trial-Preparation Material:** The Parties are also negotiating and completing an agreement regarding the treatment of privileged, sensitive business information, or otherwise confidential material produced during discovery.

11. **Proposed Trial Date:** TCCD is prepared to try this case within 14 months of its initial filing. Anthology believes additional time is necessary. Accordingly, the Parties propose September 15, 2025 for the trial, as indicated in Exhibit A. Although this is four months longer than the preferred 14-month timeframe, Anthology requests additional time to complete discovery in this case given that discovery has yet to commence as of the filing of this Joint Report, and to ensure sufficient time for dispositive motions prior to trial. The Parties estimate that five days will be needed for trial. Anthology has demanded a trial by jury. TCCD maintains that the Court lacks jurisdiction over this dispute; however, should the Court deny TCCD's motion to dismiss, TCCD notes that the Master Agreement contains a waiver of jury trial. [ECF 2 at Ex. B, ¶ 16.3].

12. **Proposed Mediation Deadline:** *See* Exhibit A.

13. **Disclosures Under Fed. R. Civ. P. 26(a)(1):** *See* Exhibit A.

14. **Trial Before a United States Magistrate Judge:** The Parties respectfully decline to consent to trial before a United States Magistrate Judge.

15. **Conference with the Court:** The Parties do not require a conference with the Court at this time.

16. **Other Proposals:** None at this time.

Date: May 21, 2024                                              Respectfully submitted,

| | |
|---|---|
| */s/ Ryan Valdez* | */s/ Greg Brassfield* |
| Ryan Logan Valdez | Gregory A. Brassfield |
| State Bar No. 24037627 | State Bar No. 24079900 |
| Scott Fredricks | Jamie R. Drillette |
| State Bar No. 24012657 | State Bar No. 24105820 |
| Michael Ackerman | Lynn Pinker Hurst & Schwegmann LLP |
| State Bar No. 24120454 | 2100 Ross Ave., Suite 2700 |
| Tiereney Bowman | Dallas, TX 75201 |
| State Bar No. 24136751 | Telephone: 214.981.3827 |
| Cantey Hanger LLP | gbrassfield@lynnllp.com |
| 600 W. 6th Street, Suite 300 | jdrillette@lynnllp.com |
| Fort Worth, Texas 76102 | |
| Telephone: 817.877.2800 | Aravind Swaminathan (*pro hac vice*) |
| rvaldez@canteyhanger.com | Washington State Bar No. 33883 |
| sfredricks@canteyhanger.com | Orrick, Herrington & Sutcliffe LLP |
| mackerman@canteyhanger.com | 401 Union St., Suite 3300 |
| tbowman@canteyhanger.com | Seattle, WA 98101 |
| | Telephone: 206.839.4340 |
| ATTORNEYS FOR DEFENDANT | aswaminathan@orrick.com |
| TARRANT COUNTY COLLEGE | |
| DISTRICT | Deena O. Dulgerian (*pro hac vice*) |
| | California State Bar No. 321836 |
| | Orrick, Herrington & Sutcliffe LLP |
| | 355 S. Grand Ave., Suite 2700 |
| | Los Angeles, CA 90071 |
| | Telephone: 213.612.2259 |
| | ddulgerian@orrick.com |
| | |
| | ATTORNEYS FOR PLAINTIFF |
| | ANTHOLOGY INC. |