UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ANTHOLOGY, INC.,**

 Plaintiff,

v.              No. 4:24-cv-00279-P

**TARRANT COUNTY COLLEGE DISTRICT,**

 Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Tarrant County College District's ("TCCD") Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim. ECF No. 20. For the following reasons, the Court will **GRANT** TCCD's Motion to Dismiss.

## BACKGROUND

Plaintiff Anthology, Inc. is a notable provider of higher education software solutions, established through the merger of several prominent education technology companies. TCCD, a public community college system in Tarrant County, Texas, offers academic and technical education services to over 100,000 students annually through six campuses and various online programs.

On June 1, 2022, Anthology and TCCD entered into a 10-year Master Agreement under which Anthology was to provide TCCD with Enterprise Resource Planning (ERP) products and services, encompassing the design, building, and implementation of the ERP project. The agreement projected revenue generation in the tens of millions for Anthology over its term, with TCCD agreeing to remunerate Anthology approximately $42 million for the ERP project, plus an annual fee for certain services.

In October 2023, TCCD exercised its contractual right under Section 8.2 of the Master Agreement to terminate the contract without cause.

TCCD further asserted that it would not pay the early termination fee, contending that such a fee contravened Texas law and the intent of the parties as embodied in the Master Agreement. Attempts at informal dispute resolution were unsuccessful.

Consequently, on March 27, 2024, Anthology initiated this action, seeking a judicial determination regarding the early termination fee and damages for breach of contract. Anthology alleges that TCCD breached the Master Agreement by terminating the contract without cause and failing to pay the remaining compensation due under the contract, which amounts to approximately $22,923,192.64. Anthology contends that the termination fee is owed under the contract's terms and seeks damages for the full remaining amount of the contract.

In response, TCCD moved to dismiss the lawsuit in May 2024, invoking sovereign immunity and other grounds. That Motion is now ripe for the Court's review.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A court must have the power to decide the claim before it (subject-matter jurisdiction) and power of the parties before it (personal jurisdiction) before it can resolve a case." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). Where the former is absent, defendants may move to dismiss under Rule 12(b)(1). *See* FED. R. CIV. P. 12(b)(1). "When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the court first considers its jurisdiction." *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023).

When evaluating subject-matter jurisdiction, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In doing so, the Court "accept[s] all well-pleaded factual allegations in the complaint as true and view[s] them in the light most favorable to the plaintiff." *Abdullah v. Paxton*, 65 F.4th 204, 208 (5th Cir. 2023). Still, "the burden of proof

[is] on the party asserting jurisdiction." *McLin*, 79 F.4th at 415 (citing *Ramming*, 281 F.3d at 161).

Rule 12(b)(6) allows a defendant to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are not bound to accept legal conclusions couched as factual allegations as true. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

## ANALYSIS

TCCD asserts that as an institution of higher education and a unit of state government, it enjoys sovereign immunity, shielding it from being sued without its consent. *See* ECF No. 20 at 11–12. TCCD contends that Texas Government Code Chapter 2260 provides the exclusive and required prerequisites for breach of contract claims against units of state government. *Id.* Chapter 2260 mandates a specific administrative process that must be followed before a contractor can seek judicial redress. TEX. GOV'T CODE § 2260. This process includes: (a) providing written notice of the claim; (2) engaging in a 270-day negotiation period, filing a request for a contested case hearing before

an administrative law judge if the dispute is not resolved through negotiation; and (3) requesting formal permission from the Texas Legislature to sue if the damages exceed $250,000. *Id.* at § 2260, §§ 2260.051(b), 2260.052, 2260.055, 2260.104, 2260.007, 2260.1.055.

Only after exhausting these administrative remedies can a party seek legislative permission to sue a unit of state government. *Id.* at §§ 2260.007, 2260.1055; TEX. CIV. PRAC. & REM. CODE § 107.001. TCCD argues it qualifies as a unit of state government because it is an institution of higher education. *See* TEX. EDUC. CODE § 61.003.08 ("'Institution of higher education' means any public technical institute, public junior college, public senior college or university, medical or dental unit, public state college, or other agency of higher education as defined in this section."); *see also* ECF No. 20 at 11. Anthology's agreement, as an independent contractor who entered into a contract with TCCD—an institution of higher education—for goods and services, thus falls within the scope of Chapter 2260. *See* ECF No. 22 at 2. TCCD maintains that, since Anthology has not exhausted its administrative remedies, it cannot be sued. *See* ECF No. 20 at 13–14.

On the other hand, Anthology contends that TCCD is subject to Texas Local Government Code Chapter 271, which supersedes Chapter 2260 and explicitly waives sovereign immunity for breach of contract claims involving local governmental entities. *See* ECF No. 18 at 19–21. Anthology argues that TCCD should be classified as a local governmental entity under this chapter, thus making it susceptible to suit for breach of contract. *Id.* at 15. Anthology also asserts that Texas Government Code Chapter 2260 does not apply to this dispute, arguing instead that Chapter 2260 is intended for specific types of state contracts and should not govern the current breach of contract claim. *Id.* at 19–21. Anthology contends that their contract with TCCD does not fall within the scope of Chapter 2260 as intended by the Texas state legislature, *see id.* at 21, and that TCCD's reliance on Chapter 2260 misinterprets the legislative framework intended to govern such disputes, *see id.* at 20.

The Court must therefore determine whether Texas Government Code Chapter 2260 or Chapter 271 of the Texas Local Government Code applies to this contract.

The Court concludes that TCCD must be recognized as a "unit of state government" under Chapter 2260. This classification mandates strict adherence to the administrative processes prescribed by Chapter 2260 as a prerequisite to any judicial relief. *See* TEX. GOV'T CODE § 2260; *see also infra*. The Texas Supreme Court, in *In re City of Galveston*, reaffirmed that Chapter 2260 delineates the "exclusive and required prerequisites to suit" against state entities, thereby precluding judicial action absent full compliance. 622 S.W.3d 851, 855-56 (Tex. 2021). Moreover, *Galveston* elucidates that Chapter 2260 encompasses "an independent contractor who has entered into a contract directly" with a unit of state government. *Id.* University systems, by statutory definition, qualify as units of state government. *See* TEX. GOV'T CODE § 2260.001(3)–(4). Because Anthology is an independent contractor for goods and services with a contractual relationship with a university system—a unit of state government— it falls squarely within the ambit of Chapter 2260. Therefore, the Master Agreement between the Parties is governed by Chapter 2260, and Anthology must satisfy the procedural requisites delineated therein before bringing suit.

Anthology's assertions, suggesting that TCCD should be governed by Texas Local Government Code Chapter 271, are unconvincing. The cases cited by Anthology present facts that are not aligned with those of the current case. *See* ECF No. 18 at 7–8. Anthology posits that TCCD is susceptible to suit under Chapter 271, citing its status as a junior college district allegedly in breach of contract, and references cases such as *Tercero v. Texas Southmost College District*, 989 F.3d 291 (5th Cir. 2021), which are inapposite here. The *Tercero* case is distinguishable as it concerned an employment dispute involving a former employee of the university district, which explicitly falls outside the purview of Chapter 2260. *Id.* at 295. Whereas Anthology is an independent contractor—a circumstance more alike the facts in *Galveston* which fall under Chapter 2260.

5

Although Anthology correctly notes that Chapter 271 was enacted to permit suits against entities *like* TCCD in some situations, it overlooks that Chapter 271 specifies that such entities must be "subject to this subchapter." *Id.* at 297. Texas courts have explicitly held that "institutions of higher education" do not fall within the scope intended by Chapter 271 in situations such as here. *See Prairie View A&M Univ. v. Dickens*, 243 S.W.3d 732, 735 (Tex. App.—Houston [14th Dist.] 2007, no pet.). In particular, the court in *Dickens* determined that the waiver of sovereign immunity in Chapter 271 applies solely to "a local governmental entity" and explicitly excludes "a unit of state government," such as TCCD. *Id.* Thus, the arguments advanced by Anthology do not suffice to override the statutory framework set forth in Chapter 2260.

The exclusive and required prerequisites under Chapter 2260, as emphasized in *Galveston* and *Dickens*, precludes Anthology from bypassing these procedural mandates, thereby necessitating the dismissal of Anthology's claims.

## CONCLUSION

In light of the foregoing analysis, the Court concludes that Texas Government Code Chapter 2260 governs the dispute between Anthology and TCCD. The administrative remedies delineated in Chapter 2260 are not merely procedural formalities but constitute essential prerequisites to initiating a suit. Anthology's failure to comply with these mandatory steps, including the exhaustion of administrative remedies and the potential necessity for legislative consent, precludes this Court from exercising jurisdiction over its claims.

Accordingly, the Motion to Dismiss is **GRANTED** and this suit is **DISMISSED** for lack of jurisdiction, as Anthology has not exhausted the statutory prerequisites necessary to proceed with its breach of contract action against TCCD.

**SO ORDERED** on this **14th day of June 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE

6